UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80039-CR-ZLOCH

UNITED STATES OF AMERICA,

       Plaintiff,

v.

THOMAS FORD,

       Defendant.
_____/

## RESTITUTION ORDER

This cause came before the Court, pursuant to Title 18, United States Code, Sections 3663A(a)(1) and 3664, for a determination of restitution due and owing to the victims in the above-listed case and to establish a payment schedule. Based on the report prepared by the probation officer and with the consent of the parties, it is hereby

**ORDERED AND ADJUDGED** that the defendant shall pay restitution in the amount of $2,212,660 to the victims of International Resort Solutions LLC ("IRS"), pursuant to Title 18, United States Code, Section 3663A(a)(1), which obligation is joint and several with co-defendants Bryan A. Bergeron, Joseph J. Eichenlaub, Michael J. Ferrari, Jeffrey T. Fields, Joshua M. Holmes, and Colin Van Nest Talmage, and the defendants in <u>United States v. Michael W. Franzenburg, et al</u>, Case No. 11-80129-CR-MARRA (Michael W. Franzenburg, Joseph A. Grizzanti and Kenneth E. Foote,

Jr.). The identities of the IRS victims and their respective losses are set forth in the probation report.

It is further **ORDERED AND ADJUDGED** that, pursuant to Title 18, United States Code, Sections 3663(a)(1) and (a)(3), the defendant consents to pay restitution to the victims of the following fraudulent timeshare businesses with which the defendant was involved:

(A) Divine Vacation Group, Inc. - $195,443, joint and several with co-defendant Bryan Bergeron, and defendant Michael W. Franzenburg, Case No 11-80129-Cr-Marra;

(B) Fidleity First Luxury Concepts, Inc. - $164,168; and

(C) Resort Properties Investment Group, Inc.  $403,652.

The identities of these victims and their respective losses are set forth in the probation report.

It is further **ORDERED AND ADJUDGED** that during defendant's period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed in this judgment; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

It is further **ORDERED and ADJUDGED** that the remaining balance of the restitution owed by defendant after the payments set forth above, shall be paid by him in monthly installments at the rate of at least 10% of his gross monthly income, upon his release from imprisonment, until such time as the court may alter that payment schedule in the interests of justice. Such payments are also an express condition of his supervised release. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

It is further **ORDERED and ADJUDGED** that defendant remains liable on the full restitution balance of $2,975,923 for twenty years from the date of the entry of the judgment plus the time of incarceration, pursuant to 18 U.S.C. §3613(b) and(f).

**DONE AND ORDERED** at West Palm Beach, Florida, this 13th day of July 2012.

WILLIAM J. ZLOCH
UNITED STATES DISTRICT JUDGE


cc:   All Counsel of Record
      U.S. Probation Office